(R.D. 11492)

OTTO RIES AND COMPANY ALFRED H. MARZOLF, INC., AGENTS } *v.* UNITED STATES

Entry No. 21648, etc.

(Decided February 27, 1968)

*Glad & Tuttle* for the plaintiffs.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WATSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise the subject of the appeals for reappraisement enumerated in Schedule "A" attached hereto and made a part hereof, consist of dolls, doll dresses, plastic togs, plastic flowers and plastic badminton sets exported from Hong Kong between March 18, 1965 and Aug. 7, 1965.

2. That at the time of exportation to the United States of these various items the prices at which such or similar merchandise was freely sold or, in the absence of sales, offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the appraised values less the 5 per cent buying commission noted on the invoice.

3. That the merchandise covered by the said appeals for reappraisement was entered subsequent to February 27, 1958.

4. That the various items the subject of this stipulation are not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said items are subject to appraisement under Sec. 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

5. That the said appeals for reappraisement may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise here involved and that such value in each case was the appraised value, less the 5 percent buying commission noted on the invoice.

Judgment will issue accordingly.